# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARRY KILPATRICK,<br><br>        Petitioner,<br><br>   v.<br><br>JAMES HARTLEY,<br><br>        Respondent.<br>_____/ | 1:09-cv-01470-LJO-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION<br><br>[Doc. 14] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following a conviction for kidnaping with the intent of robbery with use of a firearm. (Petition, at 2; Exhibit 2, to Respondent's Motion.)

Petitioner filed the instant petition for writ of habeas corpus on August 4, 2009, and claims that the California Board of Parole Hearings' ("Board") violated his rights by denying him parole based on facts not proven beyond a reasonable doubt to a jury and the statute and regulations applicable to the parole suitability hearings are unconstitutional.

Petitioner appeared before the Board for his initial parole consideration hearing on July 1, 1996, and parole was denied in part based on the circumstances of his commitment offense. (Exhibit 1, to Motion.) Petitioner was subsequently denied parole in 1998, 2001, 2003, and 2005.

(Id. at 2-3.)  On August 29, 2006, Petitioner appeared for another parole consideration hearing, and the Board found he was unsuitable for release based on several circumstances, including the nature of the commitment offense.  (Exhibit 2, to Motion.)  Petitioner appeared again before the Board on August 7, 2008, and he asked the Board to postpone the hearing for one year so he could solidify his parole plans and improve his disciplinary record.  (Exhibit 3, to Motion.)  The Board granted Petitioner's request.  (Id.)

On February 13, 2009, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Exhibit 4, to Motion.)  There, Petitioner argued that: (1) the Board violated the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000) by relying on facts not proven to the jury beyond a reasonable doubt; (2) the Board has a no parole policy for inmates whose offense includes one of the factors outlined in California Code of Regulations title 15, section 2402; and (3) California Penal Code section 3041 and California Code of Regulations title 15, section 2402 are unconstitutionally vague.  (Exhibit 4, to Motion.)  The California Supreme Court summarily denied the petition on July 8, 2009.  (Id.)

On July 29, 2009, Petitioner appeared before the Board for his scheduled hearing and stipulated to a denial of parole for ten years given his recent disciplinary violations and lack of sufficient parole plans and participation in self-help programs.  (Exhibit 6, to Motion.)

On October 26, 2009, Respondent filed a motion to dismiss the petition.  (Court Doc. 14.) Petitioner filed an opposition on November 9, 2009, and Respondent filed a reply on November 13, 2009.  (Court Docs. 15, 16.)

DISCUSSION

A.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using

1  Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v.
2  Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
3  motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12
4  (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a
5  response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.
6  Supp. at 1194 & n. 12.
7        In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.
8  2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion
9  to dismiss pursuant to its authority under Rule 4.
10 B.       Failure to State a Cognizable Claim
11       "Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody
12 pursuant to a state court judgment, even when the petition is not challenging his underlying state
13 court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006),
14 quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an
15 application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a
16 decision that was contrary to, or involved an unreasonable application of, clearly established
17 Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision
18 that was based on an unreasonable determination of the facts in light of the evidence presented in
19 the State Court proceeding." 28 U.S.C. § 2254(d).  In the context of reviewing parole decisions,
20 due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro
21 v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an
22 "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1,
23 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of
24 qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some
25 evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S.
26 445, 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).
27       As an initial matter, Respondent correctly points out and Petitioner concedes in his
28 opposition that he is not challenging a specific parole Board decision; rather, he is challenging the

implementation of Proposition 9 in November 2008, as being in violation of the Ex Post Facto Clause because it renders sections 3041 and 2402 unconstitutional by significantly increasing his risk of longer incarceration.  On November 4, 2008, the California voters approved Proposition 9 (entitled Victims' Rights in Parole Proceedings), which amends California Penal Code section 3041.5 to permit the Board to defer subsequent parole consideration hearings for longer periods than those provided in the former statute.  See Cal. Penal Code § 3041.5.

Since it is now clear that Petitioner is not challenging a specific parole decision, it is unnecessary to determine the timeliness of the petition because it fails as a matter of law.  Respondent correctly argues that in order to proceed with a section 2254 petition, Petitioner must suffer an "injury in fact."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  Petitioner has not and can not demonstrate injury by the passage of Proposition 9.  Since the passage of Proposition 9 in November 2008, Petitioner has had only one parole hearing, and at this hearing, he stipulated to the denial of parole for ten years based on his institutional behavior and insufficient parole plans and participation in self-help programming.  (Exhibit 6, to Motion.)  Therefore, the amendment to the statute has not been applied to Petitioner and he has not suffered any concrete and particularized injury.  See Lujan, 504 U.S. at 560; see also Matter of Extradition of Lang, 905 F.Supp. 1385, 1397 (C.D. Cal. 1995) (mere unconstitutionality of statute does not create standing as plaintiff must claim some particularized injury resulting from application of statute).  Nor has the passage of Proposition 9 adversely implicated the fact or duration of his sentence.  See Preiser v. Rodriguez, 411 U.S. 475, 485-486 (writ of habeas corpus not available unless claims implicate the fact or duration of confinement); Wilkinson v. Dotson, 544 U.S. 74, 78-79 (2005) (same); Nelson v. Campbell, 541 U.S. 637, 643 (2004) (same).  Accordingly, the instant petition should be dismissed for failure to state a cognizable claim under 28 U.S.C. § 2254.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.	Respondent's motion to dismiss the petition be GRANTED; and,

2.	The Clerk of Court be directed to dismiss this action for failure to state a

4

1  cognizable claim.

2  This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 23, 2009                         /s/ Dennis L. Beck
                                                                 UNITED STATES MAGISTRATE JUDGE